**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,         :

               Plaintiff,   :

             :        MEMORANDUM DECISION

     - v. -     :        AND ORDER

BRANDON JONES,         :      24 Cr. 196 (GBD)

           Defendant.  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

Defendant Brandon Jones ("Jones") moves to dismiss the Indictment charging him with possession of ammunition following a prior felony conviction, in violation of 18 U.S.C. § 922(g)(1) (Def.'s Mot. to Dismiss the Indictment ("Jones's Br."), ECF No. 14.) Jones argues that the U.S. Supreme Court decision in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022) requires this Court to dismiss based a historical analysis. *Id.* at 21-22. Further, Jones argues that Section 922(g)(1) is unconstitutional both facially and as applied to Jones, because the government fails to demonstrate that it is consistent with the Nation's historical tradition. *Id.* at 13-24. For the following reasons, the motion to dismiss is DENIED.

## I.    FACTUAL BACKGROUND

Jones encountered New York Police Department ("NYPD") officers on November 27, 2023 and started to flee when the officers approached him for questioning. (Compl., ECF No. 1, ¶¶ 4, 5). During his flight, it is alleged that he dropped a privately assembled firearm, i.e. a ghost gun, on the ground. *Id.* After the officers pursued and arrested Jones, he allegedly admitted to having

possessed the ghost gun. *Id.*, ¶¶ 6-7. The ghost gun was loaded with ammunition, but the NYPD later determined that the gun itself was inoperable due to improper construction. *Id.*, ¶ 8.

Prior to this incident, Jones had multiple felony convictions. *Id.*, ¶ 3. In 2016, Jones was convicted of possession of a firearm after a felony conviction in violation of Section 922(g)(1). *Id.* He received a sentence of 42 months' imprisonment. *Id.* In 2012, Jones was convicted in the Bronx County Supreme Court of: 1) attempted robbery in the third degree, 2) attempted criminal possession of a weapon in the second degree, and 3) robbery in the second degree. For these convictions, Jones received imprisonment terms ranging from one to four years. *Id.*

Here, the government charges that Jones, knowing he had prior convictions that were punishable by more than one year of imprisonment and knowingly possessed ammunition in and affecting commerce, violated Section 922(g)(1). (Indictment, ECF No. 5.) Jones moves to dismiss, and the government opposes.

## II.    **LEGAL STANDARD**

Federal Rule of Criminal Procedure 12(b) allows a defendant to move to dismiss an indictment for "a defect in the indictment or information; including . . . failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). In determining such a motion to dismiss, courts accept as true the facts alleged in the indictment and ignore the defendant's contrary assertions. *See United States v. Goldberg*, 756 F.2d 949, 950 (2d Cir. 1985).

The Second Amendment provides that "the right of the people to keep and bear Arms [] shall not be infringed," and the Supreme Court affirmed the right to use firearms for self-defense in *District of Columbia v. Heller*, 554 U.S. 570, 576 (2008). Recently, *Bruen* explicitly laid out the constitutional standard for evaluating firearm regulations: "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Bruen*,

597 U.S. at 17. For a regulation of such conduct to pass constitutional muster, "[t]he government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* In other words, "[a] court must ascertain whether the [challenged regulation] is relevantly similar to laws that our tradition is understood to permit," and apply "faithfully the balance struck by the founding generation to modern circumstances." *United States v. Rahimi*, 144 S. Ct. 1889, 1898 (2024) (citing *Bruen*, 597 U.S. at 29 (internal quotation marks omitted)). "The law must comport with the principles underlying the Second Amendment," but does not need to be a historical twin. *Id.* (citing *Bruen*, 597 U.S. at 30.)

## III.    JONES'S MOTION TO DISMISS IS DENIED

Jones argues that the *Bruen* Court invalidated the means-end scrutiny that the Second Circuit and other courts had previously employed, and now requires courts to conduct a straightforward historical inquiry. Jones's Br. at 3. Jones further argues that the passages in *Heller*, stating that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," and that such regulations are "presumptively lawful," are dicta. Jones's Br. at 19 (citing *Heller*, 554 U.S. at 626-27.) Jones contends that *Bruen* abrogated case law relying on these dicta, and thus, pre-*Bruen* decisions relying on *Heller*'s "presumptively lawful" list are no longer good law, including the Second Circuit precedent, *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013). Jones's Br. at 20-21. Therefore, Jones asks this Court to not defer to *Bogle* and to conduct its own historical analysis on Section 922(g)(1). Jones's Br. at 21-23. Jones concludes that: 1) Section 922(g)(1) is facially unconstitutional because the government fails to identify a historical tradition from the Founding era of regulations that are distinctly similar to Section 922(g)(1); and 2) it is unconstitutional as applied to Jones because his 12-year old prior convictions did not involve the use of a firearm. Jones Br. at 11-19, 24.

3

The government, on the other hand, presents a different interpretation of *Bruen* and argues that it does not undermine Section 922(g)(1) or *Bogle*. (Mem. in Opp'n to Def.'s Mot. to Dismiss (Government's Br.), ECF No. 15 at 4-5.) The government argues that *Bogle* remains good law, because *Bruen* effectively reaffirmed it. *Id.* at 8-9. Further, the government argues that even if this Court were to itself conduct a historical analysis of Section 922(g)(1), the text and history of the Second Amendment make it clear that it is constitutional. *Id.* at 12, 14-30.

This Court rejects Jones's arguments, because *Boyle* remains the binding precedent for this Court and *Bruen* did not overrule *Heller* nor *Bogle*.

### A. Section 922(g)(1) is facially constitutional

The Second Circuit squarely held that Section 922(g)(1) "is a constitutional restriction on the Second Amendment rights of convicted felons" in *Bogle*. 717 F.3d at 281-82. It based this conclusion on the reassurances from *Heller* and *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 786 (2010) ("[w]e made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons." (citation and internal quotation marks omitted)). *Bruen* did not disturb this part of the *Heller* and *McDonald* decisions, and thus, *Bogle*, which relied on them, remains good law.

*Bruen*'s primary message was to caution federal courts against deference to legislative interesting balancing and require them to focus on the text and historical analysis under the Second Amend. *Bruen*, 597 U.S. at 26. Indeed, as both parties acknowledge, *Bruen* rejected the "means-end" test that some Courts of Appeals had developed. Jones's Br. at 3; Government's Br. at 5.) However, *Bruen* did so "[i]n keeping with *Heller*." *Bruen*, 597 U.S. at 17. Furthermore, *Bogle* did not engage in the "means-end" test that *Bruen* invalidated. Therefore, *Bruen* should not be read as challenging either *Bogle* or *Heller*. *Bruen* intended to "ma[k]e the constitutional standard endorsed

in *Heller* more explicit," *id.* at 31, but this is far from making the presumptively lawful list in *Heller* unconstitutional, as Jones argues. For the same reason, *Bruen* did not abrogate case law relying on *Heller*'s presumptively lawful list. It simply did not challenge the presumptively lawful list set forth in *Heller*, nor the *Heller* reassurance that "longstanding prohibitions on the possession of firearms by felons" are constitutional. *Heller*, 554 U.S. at 605. Even when *Bruen* did briefly discuss this *Heller* "presumptively lawful" list, for instance, where it brought up the example of "longstanding laws forbidding the carrying of firearms in sensitive places," the *Bruen* court "assume[d] it settled that" such prohibitions were consistent with the Second Amendment. *Bruen*, 597 U.S. at 30. While the *Bruen* majority opinion did not in the same way explicitly endorse prohibitions on felons, there is no reason to conclude that *Bruen* disagreed with *Heller* on the constitutionality of the longstanding prohibitions *Heller* listed.

Apart from the majority opinion, six justices of the *Bruen* court expressly stated their support for the *Heller* passage, confirming the constitutionality of prohibitions on firearms possession by felons. *See Bruen*, 597 U.S. at 79-81 (Kavanaugh, J., joined by Roberts, C.J., concurring) ("underscore[ing] [an] important point[] about the limits of" the *Bruen* decision, that the Second Amendment allows for "longstanding prohibitions on the possession of firearms by felons," as discussed in *Heller* and *McDonald*); *id.* at 72 (Alito, J., concurring) (*Bruen* does not "disturb[ ] anything that we said in *Heller* or *McDonald . . .* about restrictions that may be imposed on the possession or carrying of guns"); *id.* at 129 (Breyer, J., joined by Sotomayor and Kagan, JJ., dissenting) ("I understand the Court's opinion today to cast no doubt" on the firearm regulations that *Heller* identified as "presumptively lawful."). Although these statements from *Heller* are nonbinding dicta, they still must be given considerable weight, which is especially warranted here

5

given the overwhelming support by the Supreme Court. *United States v. Bell*, 524 F.2d 202, 206 (2d Cir. 1975).

Lastly, every court in this District reached the same conclusion on *Bogle* as binding precedent. *See*, *e.g.*, *United States v. Aramboles*, No. 23-CR-643 (AS), 2024 WL 813466, at *1 (S.D.N.Y. Feb. 27, 2024); *United States v. Golston*, No. 23 CR. 362 (AT), 2024 WL 149603, at *5 (S.D.N.Y. Jan. 12, 2024); *United States v. D'Angelo*, No. 23 CR. 327 (PGG), 2023 WL 9056404, at *5 (S.D.N.Y. Dec. 31, 2023); *United States, v. Williams*, No. 23-CR-218 (VSB), 2023 WL 8355891, at *3 (S.D.N.Y. Dec. 1, 2023); *United States v. Nelson*, No. 22-CR-436 (JGK), 2023 WL 6520378, at *3 (S.D.N.Y. Oct. 4, 2023); *United States v. Fayton*, 704 F. Supp. 3d 449, 455 (S.D.N.Y. 2023); *United States v. Craft*, No. 23-CR-00178 (PMH), 2023 WL 6215326, at *3 (S.D.N.Y. Sept. 25, 2023); *United States v. Davila*, 688 F. Supp. 3d 81, 84 (S.D.N.Y. 2023); *United States v. Hampton*, 676 F. Supp. 3d 283, 286 (S.D.N.Y. 2023).

For these reasons, this Court rejects Jones's facial constitutional challenge against Section 922(g)(1).

## B. Section 922(g)(1) is constitutional as applied to Jones

In holding Section 922(g)(1) constitutional, this Court now turns to Jones's as-applied challenge. Jones relies on District Court cases outside this Circuit to argue that his prior Section 922(g)(1) conviction, and more than 12-year old convictions under New York Penal Law, should not deprive him of Second Amendment protection. Jones's Br. at 24-25. These cases are neither persuasive nor binding on this Court. The Second Circuit has not opined on whether Section 922(g)(1) can be subject to as-applied challenges when it is facially constitutional. *Craft*, 2023 WL 6215326, at *3. Other Circuits have held that as-applied challenges cannot succeed when defendants' first-step, facial constitutional challenge fails. *See Medina v. Whitaker*, 913 F.3d 152,

6

161 (D.C. Cir. 2019). Therefore, this Court is not required to reach the merits of Jones's as-applied challenges.

Even if this Court were to consider the merits of Jones's as-applied challenge, his argument still fails. In addition to arguing again that Section 922(g)(1) is facially unconstitutional, Jones points to the more than 12-year age of his prior convictions and the fact that his robbery convictions did not involve the use of a firearm. Jones's Br. 24. However, the application of Section 922(g)(1) does not depend on how long ago the felony convictions took place, or whether or not those convictions involved the use of a firearm. With multiple prior convictions punishable by a term of imprisonment exceeding one year, Jones "fall[s] squarely within . . . Section 922(g)(1)." *United States v. King*, 634 F. Supp. 3d 76, 83 (S.D.N.Y. 2022). Therefore, Section 922(g)(1) is not unconstitutional as applied to Jones.

Accordingly, Jones's motion to dismiss is DENIED.

## IV.    **CONCLUSION**

Defendant's motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (ECF No. 14) is DENIED. The Clerk of Court is directed to terminate this motion.


Dated: November 18, 2024
      New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge